# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CALVIN LEWIS, and MELVINA LEWIS,

    Plaintiffs,

v.

THE CITY OF BRUNSWICK, SAM STRICKLAND, GILBERTO COLON, RICHARD MEEKS, JEREMY WILSON, LEN SCHMAUCH, KATHERINE STIREWALT,

    Defendants.

CIVIL ACTION NO.: 2:14-cv-122

## **O R D E R**

Before the Court is Defendants' Motion for Sanctions Due to Plaintiffs' Failure to Provide Discovery. (Doc. 29.) For the reasons set forth below, Defendants' Motion is **GRANTED.**

### BACKGROUND

Plaintiffs filed this action on August 15, 2014, alleging that several Brunswick, Georgia, police officers unlawfully entered their home in violation of the Fourth Amendment to the United States Constitution. (Doc. 1.) After the parties filed their Rule 26(f) Report, (doc. 10), the Court entered a Scheduling Order on February 19, 2015, (doc. 16). Pursuant to that Order, discovery in this case was due by May 22, 2015. Id. Chief Judge Lisa Godbey Wood held a status hearing in this case on June 15, 2015. At that hearing, Chief Judge Wood extended discovery to June 30, 2015, for the limited purpose of deposing Katherine Stirewalt and extended the deadline for filing all motions to July 22, 2015. (Doc. 23.) Additionally, Defendants'

counsel asserted at the hearing that Plaintiffs had not yet provided their initial Rule 26(a) disclosures or responded to Defendants' Requests for Production of Documents or First Set of Interrogatories. Plaintiffs' counsel stated that the disclosures and discovery responses had been completed and that he would hand deliver them to defense counsel on the afternoon following the hearing. Chief Judge Wood ordered that Plaintiffs provide Defendants those disclosures and responses by June 17, 2015. At the hearing, Plaintiffs' counsel further acknowledged that Defendants had recently served a Second Set of Interrogatories and stated that Plaintiffs' responses to those requests were forthcoming.

On July 22, 2015, at 5:18 p.m., Defendants filed the instant Motion for Sanctions. (Doc. 29.) Defendants asserted that Plaintiffs failed to produce any documents in response to Defendants' Requests for Production and Plaintiffs had failed to respond to Defendants' Second Set of Interrogatories. (Id. at pp. 2–3.) Defendants explained that Plaintiffs responded to the first set of Defendants' interrogatories three days after the June 15, 2015, hearing. Id. Defendants stated that, at that time, Plaintiffs also provided written responses to Defendants' Requests for Production of Documents but did not provide any responsive documents. Id. Defendants also contended that they served Plaintiffs with their Second Set of Interrogatories on May 21, 2015, and that Plaintiffs had failed to respond. Id. To remedy Plaintiffs' deficient discovery responses, Defendants requested that the Court compel Plaintiffs to respond to the discovery requests and order Plaintiffs to pay Defendants' reasonable expenses, including attorneys' fees, for bringing the Motion for Sanctions.

With the Motion for Sanctions, Defendants' counsel included a certificate attesting that he had attempted to resolve these discovery disputes prior to filing the Motion. (Doc. 29-1.) Specifically, Defendants' counsel stated that he had taken the following measures: (1) raising the

lack of production of documents at the June 15, 2015, hearing; (2) mentioning the overdue interrogatory responses during a telephone conversation with Plaintiffs' counsel on July 13, 2015; and (3) sending an e-mail to Plaintiffs' counsel on July 21, 2015. Id.

On August 10, 2015, Plaintiffs filed their Response to Defendants' Motion for Sanctions. (Doc. 32.) To that pleading, Plaintiffs attached their Responses to Defendants' Second Set of Interrogatories. (Id. at pp. 4–8.) The certificate of service for those discovery responses was dated June 20, 2015.[1] Id. As for Defendants' Requests for Production, Plaintiffs stated that they had not provided any documents because the only responsive documents "are the Police Reports and the records of the radio communications, which were all created by the Defendant City of Brunswick." (Id. at p. 1.) Additionally, Plaintiffs disagreed with Defendants' counsel's assertion that he had made a good faith effort to resolve this dispute. Plaintiffs' counsel issued a certificate stating that, during the July 13, 2015, phone call, he told Defendants' counsel that Plaintiffs had already answered the Second Set of Interrogatories. (Id. at p. 3.) According to Plaintiffs' counsel, Defendants' counsel then stated that he would check his file, and Plaintiffs' counsel did not receive any further calls regarding this matter until Defendants filed the Motion for Sanctions. Id.

Defendants replied to Plaintiffs' Response on August 24, 2015. (Doc. 35.) Defendants stated that given Plaintiffs' Response, the only remaining discovery deficiency was Plaintiffs' failure to verify their interrogatory responses. (Id. at p. 1.) However, Defendants maintained that they should still be granted fees for bringing the Motion for Sanctions. Defendants explained that, while the instant Motion only involves their Requests for Production of Documents and Second Set of Interrogatories, Plaintiffs' discovery responses have been lacking and tardy throughout this action. (Id. at pp. 2–7.) Defendants stated that Plaintiffs never

---

[1] June 20, 2015, was a Saturday.

indicated they did not possess any documents responsive to Defendants' Requests for Production until Plaintiffs' Response to the Motion for Sanctions. (Id. at pp. 3–4.) Defendants further contended that, though the Certificate of Service for Plaintiffs' Responses to the Second Set of Interrogatories is dated June 20, 2015, Defendants' counsel did not receive these discovery responses until Plaintiffs attached them to their Response to Defendants' Motion on August 10, 2015. (Id. at p. 7.)

Additionally, Defendants took issue with Plaintiffs' counsel's certification that Defendants' counsel did not make a good faith effort to resolve these discovery disputes. Defendants' counsel stated that during the July 13, 2015, telephone call with Plaintiffs' counsel, Defendants' counsel stated that he would "double check his file" for Plaintiffs' discovery responses, only because Plaintiffs' counsel insisted that he had already served them. (Id. at pp. 5–6.) Defendants also attached an e-mail that their counsel sent to Plaintiffs' counsel at 10:21 a.m. on July 21, 2015. (Doc. 35-3.) In that e-mail, Defendants' counsel stated, "[a]s I mentioned on the phone last week, I do not believe that I ever received responses to our second set of interrogatories. The motion deadline in this case is tomorrow. If we don't get the responses, then I will have to file a motion to compel." Id. Plaintiffs' counsel apparently never responded to that e-mail. Additionally, Defendants' counsel and Plaintiffs' counsel discussed this case and another case during a phone call on July 24, 2015, after the Motion for Sanctions was filed. (Doc. 35, p. 6.) During that call, Defendants' counsel explained that Defendants would withdraw the Motion for Sanctions if Plaintiffs provided the responsive discovery. However, Plaintiffs did not provide the discovery until weeks later when they attached it to their Response to the Motion for Sanctions.

**DISCUSSION**

**I. Defendants' Motion to Compel Plaintiffs to Provide Complete Responses to Defendants' Requests for Production of Documents and Second Set of Interrogatories.**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order discovery of "any matter relevant to the subject matter involved in the action." Id. Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The Court, however, must limit discovery when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

Further, the Federal Rules of Civil Procedure specifically provide an avenue for a party to pose questions to a party by way of interrogatory. Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). Additionally, a party may request the opposing party to produce documents or items within the scope of discovery and in another party's possession or control. Fed. R. Civ. P. 34(a)(1) ("[a]ny party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information . . . .") When a party fails to answer an interrogatory or fails to produce a requested document or item, the Court may order that party to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Furthermore, Federal Rule

of Civil Procedure 37(a)(4) states, "[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."

In the case at hand, Defendants acknowledge that any deficiencies in Plaintiffs' Responses to Defendants' Requests for Production of Documents have been resolved by Plaintiffs' recent representations that they do not have any responsive documents. Likewise, Defendants have now received Plaintiffs' Responses to Defendants' Second Set of Interrogatories, which Plaintiffs attached to their Response to the instant Motion. Accordingly, the portions of Defendants' Motion seeking responses to these discovery requests are now moot.

However, Plaintiffs have not verified their interrogatory responses. (Doc. 32, pp. 7–8.) Federal Rule of Civil Procedure 33(b)(3) requires that parties answer each interrogatory "fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Accordingly, the Court **GRANTS** that portion of Defendants' Motion that requests that Plaintiffs verify their interrogatory responses. Plaintiffs are **ORDERED** to supplement all interrogatory responses in this matter with verifications and to serve those supplemental responses on Defendants' counsel on or before **September 15, 2015**.[2]

## II.     Defendants' Request for Expenses and Attorney's Fees

In addition to authorizing the Court to compel a party to respond to discovery requests, Rule 37 also authorizes the award of expenses and attorney's fees to a party that successfully brings a motion to compel. Specifically, the Rule states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court

---

[2] Because Plaintiffs' Responses to Defendants' First Set of Interrogatories have not been attached to any pleadings, the Court is unaware if Plaintiffs verified those Responses. To the extent Plaintiffs did not verify those Responses, they must do so on or before the September 15, 2015, deadline.

> must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, and/or against the attorney who advised such conduct, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1019 (5th Cir. 1981) (party opposing motion to compel liable for moving party's reasonable expenses and attorney's fees regardless of whether party opposing motion acted in bad faith).

In the case at hand, there can be no dispute that Plaintiffs' Responses to Defendants' Interrogatories are incomplete as they are not verified. Plaintiffs have not provided any justification for their lack of verification. Moreover, Plaintiffs' Responses to Defendants' Requests for Production of Documents were also incomplete and evasive as they made no indication that Plaintiffs did not possess any documents responsive to Defendants' Requests. See Fed. R. Civ. P. 37(a)(4) ("[f]or the purposes of this subdivision (a), an evasive or incomplete designation, answer, or response must be treated as a failure to disclose, answer, or respond."); Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006) (granting motion to compel where "plaintiff did not expressly indicate when there were no documents responsive to a particular request, or whether a response was partial or complete. Thus, Defendant was uncertain whether or not Plaintiff had submitted all the documents that existed. Even if there are no documents responsive to a request for production, the requesting party is entitled to a response."). To the contrary, Plaintiffs' responses indicated that Plaintiffs possessed responsive documents by stating that Plaintiffs did not object to producing many of the requested items. (See Doc. 29-4,

pp. 5–6.) Furthermore, Plaintiffs' counsel was given the opportunity to correct this misimpression and state that Plaintiffs did not have responsive documents at the June 15, 2015, hearing with the Court, during the July 13, 2015, telephone call with Defendants' counsel, in response to Plaintiffs' counsel's July 21, 2015, e-mail, and during the July 24, 2015, telephone call between counsel. Unfortunately, Plaintiffs' counsel did not state that his clients did not have any responsive documents until he filed the Response to the Motion for Sanctions, well after the Motion for Sanctions was filed. See Fed. R. Civ. P. 37(a)(5)(A) (providing for attorney's fee award "if the disclosure or requested discovery is provided after the motion was filed.").[3]

Additionally, the Court notes a troubling pattern of discovery production by Plaintiffs in this case. The parties agreed that they were obligated to provide initial disclosures by February 5, 2015. (Doc. 10, p. 2); see also Fed. R. Civ. P. 26(a)(1)(C)("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . . ."). Having not received this basic form of discovery, Defendants' counsel wrote Plaintiffs' counsel a letter on April 17, 2015, requesting the initial disclosures. (Doc. 35-1.) However, Plaintiffs' Rule 26(a) disclosures were not signed until May 1, 2015. (Doc. 35-2, p. 4.) Thus, even if Plaintiffs' initial disclosures were provided to Defendants' counsel on the date they were singed, they were late by eighty-five days.[4] Additionally, according to Defendants, they did not receive any response to their April 17, 2015, letter to Plaintiffs' counsel and did not receive the Plaintiffs' initial

---

[3] Plaintiffs compounded this delay by filing an untimely Response to the Motion for Sanctions twenty days after the Motion was filed. See L.R. 7.5 ("Unless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion . . . .").

[4] This delay is particularly egregious when considering that the discovery deadline in this case was May 22, 2015. (Doc. 16.) For Plaintiffs to wait until three weeks before the discovery deadline to complete this initial measure of discovery is simply inexcusable.

disclosures until June 18, 2015, three days after the Court's hearing, and forty-nine days after Plaintiffs' counsel signed them.[5]

Such discrepancies between the date that the Plaintiffs' discovery responses were signed by Plaintiffs' counsel and the date that Defendants' counsel states he received the responses permeate this case. Plaintiffs' counsel signed Plaintiffs' Response to Defendants' Requests for Production and Plaintiffs' Response to Defendants' First Set of Interrogatories on May 15, 2015, (doc. 29-4, p. 7), but Defendants' counsel stated that he did not receive either of these responses until June 18, 2015, (doc. 35, pp. 3–5.). Similarly, though Plaintiffs' counsel signed Plaintiffs' Response to Defendants' Second Set of Interrogatories on June 20, 2015, (doc. 32, p. 8.), Defendants' counsel states that he did not receive these responses until August 10, 2015, when Plaintiffs attached them to their Response to the instant Motion. (Doc. 35, p. 7.)

There could be an explanation for these discrepancies, and, on the limited record at hand, the Court will not find that either counsel has misrepresented when Plaintiffs' disclosures and discovery responses were mailed or when they were received. However, the Court does find it specious that Plaintiffs' discovery materials would be lost in the mail on three separate occasions. Moreover, regardless of the reason behind these discrepancies, it does not appear Plaintiffs' counsel took reasonable measures to remedy them. For example, Plaintiffs' counsel was aware that Defendants' counsel did not have a copy of Plaintiffs' Responses to Defendants' Second Set of Interrogatories as of the July 13, 2015, phone call between counsel. If those Interrogatory Responses had already been drafted, Plaintiffs' counsel should have simply forwarded a copy to Defendants' counsel on the date of the call or, at the very latest, when the

---

[5] June 18, 2015, was also a day after the deadline of June 17, 2015, by which the Court ordered Plaintiffs' counsel to provide the disclosures to Defendants' counsel at the June 15, 2015, hearing. At that hearing, Plaintiffs' counsel represented that he would provide the disclosures to Defendants' counsel on the same date as the hearing.

instant Motion was filed on July 22, 2015. Instead, Plaintiffs waited twenty-nine days after the phone call and twenty days after the Motion for Sanctions was filed to provide the Interrogatory Responses by attaching them to their Response to the Motion for Sanctions.[6]

In their Response to the Motion, Plaintiffs' counsel took issue with Defendants' counsel's efforts to resolve these discovery disputes prior to filing the Motion for Sanctions. In reply to these arguments, Defendants pointed out that their counsel discussed the discovery requests with Plaintiffs' counsel during the hearing with the Court in June and during a phone call with Plaintiffs' counsel nine days before filing the instant Motion. Defendants also assert that their counsel again reached out to Plaintiffs' counsel via e-mail on the morning on July 21, 2015, before filing the Motion for Sanctions on the evening of July 22, 2015. Plaintiffs' counsel does not dispute that Defendants' counsel sent that e-mail, and Plaintiffs' counsel provides no reason why he did not respond. See Mitchell v. Felker, No. CV 08-1196RAJ, 2010 WL 3835765, at *3 (E.D. Cal. Sept. 29, 2010) (counsel met obligation to attempt to meet and confer by leaving voice message for opposing counsel to which opposing counsel did not respond). While ordinarily the Court would expect counsel to wait more than two business days after a message before filing a discovery Motion, in this case the Motions deadline was July 22, 2015, and Defendants waited until the end of that day before filing their Motion for Sanctions. Defendants' counsel mentioned the imminent motions deadline in his July 21, 2015, e-mail to Plaintiffs' counsel. Moreover, Defendants' counsel gave Plaintiffs' counsel an opportunity to resolve the Motion in the July 24, 2015, phone call. In light of these facts, the Court finds that Defendants' counsel met his

---

[6] As with the Response to Defendants' Requests for Production of Documents, Plaintiffs' counsel compounded this delay by not providing the discovery after counsel's July 24, 2015, phone call and by filing an untimely Response to the Motion for Sanctions.

obligation to confer or attempt to confer in good faith to resolve the discovery disputes without Court action.[7] Fed. R. Civ. P. 37(a).

The Court has found that Plaintiffs, without substantial justification, did not provide complete responses to Defendants' Requests for Production until after Defendants moved to compel and that Plaintiffs, again without substantial justification, have still failed to verify their interrogatory responses. Additionally, Defendants filed their Motion for Sanctions after a good faith effort to resolve these disputes. On this record, the Court would ordinarily be obligated to award Defendants the reasonable expenses, including attorney's fees, for bringing their Motion for Sanctions. Fed. R. Civ. P. 37(a)(5)(A). However, Defendants have not provided any evidence of the amount of expenses they incurred. See Monaghan v. SZS 33 Associates, L.P., 154 F.R.D. 78, 84 (S.D.N.Y. 1994) ("As a general rule, a party seeking an award 'should submit evidence supporting the hours worked and rates claimed. Where documentation of hours is inadequate, the district court may reduce the awards accordingly.'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))). Thus, the Court will only award Defendants the minimal amount of $100.00. See In re O'Bannon, 49 B.R. 763, 764 (Bankr. M.D. La. 1985) (awarding discovery sanctions pursuant to Rule 37, but ruling that "there has been no evidence, allegation, or even hint at what is the proper amount to award. Therefore, the order will be a minimal sum for dictating and filing a motion: $50.00."). Additionally, Plaintiffs' failure to provide complete and timely responses to Defendants' discovery requests appears to be the fault of their counsel rather than Plaintiffs individually. Accordingly, the Court will require that Plaintiffs' counsel pay the award to Defendants. See Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162 (11th

---

[7] Defendants' efforts to resolve the discovery disputes did not specifically mention the verification of Plaintiffs' Responses to Defendants' Second Set of Interrogatories. However, Defendants' counsel could not have known the Responses were not verified, because he had not yet received them. Furthermore, Defendants requested that Plaintiffs respond to the interrogatories, and it is a basic tenet of discovery that interrogatory responses must be verified.

Cir. 1993) (Rule 37 does not require court to make specific finding that attorney instigated discovery misconduct before imposing sanctions upon attorney; rather, the rule identifies attorneys advising or overseeing discovery as possible subjects of sanctions along with clients and vests trial court with broad discretion to apportion fault between them).

## CONCLUSION

Plaintiffs have not verified their Interrogatory Responses and waited until after Defendants' Motion was filed to state that they did not possess documents responsive to Defendants' Requests for Production. Defendants attempted, in good faith, to have Plaintiffs remedy these discovery deficiencies prior to the motions deadline, but Plaintiffs failed to do so. Moreover, these deficiencies follow a pattern of discovery delay by Plaintiffs in this case. Accordingly, Defendants' Motion for Sanctions is **GRANTED**. Plaintiffs shall provide verified responses to Defendants' Interrogatories on or before **September 15, 2015**. Furthermore, Plaintiffs' counsel shall pay the sum of **$100.00** to Defendants on or before **September 15, 2015.**

**SO ORDERED**, this 10th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA